# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 18-0775V**
**Filed: May 7, 2019**
UNPUBLISHED

|  |  |
|---|---|
| SCOTT KELBICK, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. | Special Processing Unit (SPU); <br> Ruling on Entitlement; Concession; <br> Table Injury; Influenza (Flu) Vaccine; <br> Shoulder Injury Related to Vaccine <br> Administration (SIRVA) |

*Kristina E. Grigorian, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.*
*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On May 31, 2018, Scott Kelbick ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine he received on October 2, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 6, 2019, respondent filed his Rule 4(c) report in which he concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent states that "DICP concludes that petitioner's medical course is

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

consistent with a shoulder injury related to vaccine administration SIRVA as defined by the Vaccine Injury Table and corresponding Qualifications and Aids to Interpretation. Specifically, petitioner had no pre-vaccination history of pain, inflammation, or dysfunction of his left shoulder; pain occurred within 48 hours after receipt of an intramuscular vaccination; pain and reduced range of motion was limited to the shoulder where the vaccine was administered; and, no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's shoulder pain." *Id.* at 5-6. Respondent further agrees that petitioner suffered the residual effects of his condition for more than six months. *Id.*

  **In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master